IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> **SURINDER AND SHASHI JAIN,** <br><br><br> Debtors. | Chapter 11 <br> Case No 12-25489 <br> Hon. Carol A. Doyle <br> Hearing Date: <br> **November 14, 2012  10:00 a.m.** |

## NOTICE OF MOTION

**TO:**  Patrick S. Layng                                  See attached Service List for additional
         Office of the U.S. Trustee                        recipients
         Region 11                                         (Via First Class U.S. Mail, proper postage
         219 South Dearborn Street                         prepaid)
         Room 873
         Chicago, IL 60604
         USTPRegion11.ES.ECF@usdoj.gov
         (Via Electronic Notice)

**PLEASE TAKE NOTICE** that on **Wednesday, November 14, 2012** at **10:00 a.m.**, or as soon thereafter as counsel may be heard, Surinder and Shashi Jain, through their counsel, Bruce C. Scalambrino, Christopher L. Muniz and the law firm Scalambrino & Arnoff, LLP, shall appear before Judge Carol A. Doyle, or any judge sitting in her stead, in Room 742 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached **DEBTORS' MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY TO BANCO POPULAR NORTH AMERICA**, a copy of which is attached hereto and hereby served upon you.

                                        **SURINDER AND SHASHI JAIN,**


                                        **By: /s/ Bruce C. Scalambrino**
                                            **One of their attorneys**

**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**

## **CERTIFICATE OF SERVICE**

  Bruce C. Scalambrino, an attorney, states that he served a copy of the foregoing **Notice of Motion** and **Debtors' Motion for Entry of a Final Order Authorizing the Use of Cash Collateral and to Grant Adequate Protection and Provide Security to Banco Popular North America**, upon all parties set forth on the Notice of Motion herein above, via First Class U.S. Mail, proper postage prepaid, of via Electronic Notice, as indicated for each recipient, on this 24th day of October, 2012.

            **/s/ Bruce C. Scalambrino**
            **Bruce C. Scalambrino**

**SERVICE LIST
IN RE SURINDER AND SHASHI JAIN
CASE NO. 12-25489**

Allied Waste Services
P.O. Box 9001154
Louisville, KY 40290-1154

Classic Landscape
3N 471 Powis Road
West Chicago, IL 60185

Indiana Insurance
P.O. Box 145476
Cincinnati, OH 45250-5476

American Express
P.O. Box 0001
Los Angeles, CA 90096-8000

Com Ed
P.O. Box 6111
Carol Stream, IL 60197-6111

Kohl's
Kohl's Payment Center
P.O. Box 2983
Milwaukee, WI 53201-2983

AT&T
P.O. Box 5080
Carol Stream, IL 60197-5080

Comet Neon Sign
153 East Street
Carol Stream, IL 60188

McGovern, Steve and Hayley
1519 Sugar Valley Lane
Woodridge, IL 60517

Banco Popular North America
c/o Edmund M. Burke
30 S. Wacker Drive Suite 2600
Chicago, IL 60606

Delta Sky Miles
P.O. Box 981535
El Paso, TX 79998-1535

Mobile Maintenance Service
331 West Northwest Highway
Suite 208
Palatine, IL 60067

Capital One
P.O. Box 6492
Carol Stream, IL 60197-6492

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Nicor
P.O. Box 0632
Aurora, IL 60507-0632

Carson Pirie Scott
Retail Services
P.O. Box 15521
Wilmington, DE 19850-5521

Direct Energy
2000 West Army Trail Road
Hanover Park, IL 60133

Schain, Burney, Banks & Kenny, Ltd.
70 West Madison Street
Suite 4500
Chicago, IL 60602

Chase
P.O. Box 9001871
Louisville, KY 40290-1871

Gary H. Smith
205 West Wacker Drive
Suite 510
Chicago, IL 60606

United Central Bank
955 W. 75th Street
Homewood, IL 60430

Chase
P.O. Box 9001020
Louisville, KY 40290-1020

Gregory Ellis
18 Executive Court
Barrington, IL 60010

Village of Hanover Park
2121 Lake Street
Hanover Park, IL 60133-4398

Chase
Cardmember Service
P.O. Box 15153
Wilmington, DE 19886-5153

HSBC Card Services
P.O. Box 60146
City of Industry, CA 91716-0146

Citimortgage, Inc.
P.O. Box 183040
Columbus, OH 43218-3040

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **In Re:** | Chapter 11 |
| **SURINDER AND SHASHI JAIN,** | Case No 12-25489 |
| | Hon. Carol A. Doyle |
| | Hearing Date: |
| Debtors. | November 14, 2012  10:00 a.m. |

### DEBTORS' MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY TO <u>BANCO POPULAR NORTH AMERICA</u>

Surinder and Shashi Jain, debtors and debtors-in-possession (the "Debtors"), through their counsel, Bruce C. Scalambrino and Christopher L. Muniz of the law firm of Scalambrino & Arnoff, LLP, for their motion for the entry of a final order authorizing their use of cash collateral and to grant adequate protection and provide security to Banco Popluar North America ("Banco") pursuant to 11 U.S.C. §§ 361 and 363, Federal Rule of Bankruptcy Procedure 4001 and Local Bankruptcy Rule 4001-2, state the following:

1. On June 26, 2012, the Debtors filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code (the "Code").  Since that time, the Debtors have maintained possession of their assets and operated their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On or about December 27, 2002, North Star Trust Company, as Trustee under the Trust Agreement dated December 1, 2002 and known as Trust No. 02-5569 ("North Star" and/or the

"Trust"), and the Debtors, the sole beneficiaries of the Trust, obtained a loan from Banco in the original principal amount of $3,800,000.00 (the "First Banco Loan").

4. As security for the First Banco Loan, North Star executed a Mortgage and Security Agreement and an Assignment of Leases and Rents in favor of Banco for the following real property commonly known as: 233 East Roosevelt Road, Lombard, Illinois, 60148 (the "Lombard Property"), 2514 West Devon Avenue, Chicago, Illinois 60659 (the "2514 West Devon Property") and 2516-24 West Devon Avenue, Chicago, Illinois 60659 (the "2516-24 West Devon Property") (collectively, the "Real Property").

5. On or about September 12, 2007, North Star and the Debtors obtained a second loan from Banco in the principal amount of $400,000.00 (the "Second Banco Loan").

6. As security for the Second Banco Loan, North Star executed a Mortgage and an Assignment of Rents in favor of Banco for the Real Property.

7. The Debtors' monthly mortgage payments to Banco for both of the Banco Loans included principal and interest, as well as an additional amount to fund an escrow account for payment of the Real Property real estate taxes.

8. Banco declared that the Debtors defaulted on both of the Banco Loans in July, 2010. Banco thereafter filed the following mortgage foreclosure lawsuits:

a) *Banco Popular North America v. Jain, et al.*, 10 CH 53213, in the Circuit Court of Cook County, regarding the 2514 West Devon Property, on December 16, 2010;

b) *Banco Popular North America v. Jain, et al.*, 10 CH 53216, in the Circuit Court of Cook County, regarding the 2516-24 West Devon Property, on December 16, 2010; and

      c) *Banco Popular North America v. Jain, et al.*, 2010 CH 007113, in the Curcuit Court of DuPage County, regarding the Lombard Property, on December 17, 2010.

    9. Pursuant to its mortgage foreclosure proceedings, Banco moved the state courts for the appointment of a receiver for the Real Property. Tony Lombardo of Chicagoland Commercial Real Estate Management (the "Receiver") was appointed as the receiver for the Real Property on the following dates: March 8, 2011 for the 2514 West Devon Property, March 16, 2011 for the 2516-24 West Devon Property, and April 1, 2011 for the Lombard Property.

    10. On July 6, 2010, Banco filed its Motion to Excuse Receiver From Turnover or Accounting Pursuant to 11 USC § 543(d)(1) ("Banco's Receiver Motion") in this case. The Debtors filed their own Motion to Compel Receiver to Comply with Section 543 of the Bankruptcy Code on July 10, 2012 (the "Debtors' Receiver Motion").

    11. Following an evidentiary hearing on the parties' respective receiver motions, this Court, on September 26, 2012, entered orders denying Banco's Receiver Motion and granting the Debtors' Receiver Motion (the "Turnover Order"). Pursuant to the Turnover Order, the Receiver was to deliver any and all assets of the Debtors in his possession, and to file a final accounting, related to the Real Property, on or before October 10, 2012.

    12. On October 9, 2012, the Receiver provided the Debtors with a final accounting related to the Real Property. Pursuant to the final accounting, the Receiver turned over the sum of $93,018.87 to the Debtors.

    13. As of the petition date, the Debtors were liable to Banco in the approximate amount of $3,900,000 with respect to the First and Second Banco Loans.

14. The total amount of unsecured claims for which proofs of claims were filed in the Debtors' case, excluding any deficiency claim(s) that Banco may have, equal $9,534.63.

15. The Debtors are without sufficient working capital and financing to carry on their operations, as they pertain to the Real Property only, without post-petition financing. Unless the Debtors can utilize the cash collateral, i.e. the monthly rents from the tenants of the Real Property, during the pendency of their chapter 11 case, the Debtors will be unable to their operations regarding the Real Property and will suffer immediate and irreparable harm.

16. The Debtors propose the following terms in support of their motion to use the cash collateral during the pendency of their chapter 11 case. The material terms of the Debtors' proposed post-petition financing are as follows (and are more fully set forth on the attached proposed cash collateral order):

    a. The Debtors shall take all reasonable actions necessary to safeguard their business assets from dissipation, including maintaining and paying any and all insurance premiums to cover replacement of all assets;

    b. The Debtors may only expend monies contained in their budget, a true and correct copy of which is attached hereto as Exhibit A, plus an additional 10% overall or within any one category of expenses in the budget;

    c. The Debtors shall not pay any other pre-petition debts or obligations without the prior written consent of Banco and the Court;

    d. The Debtors shall maintain current, good and complete books and records in accordance with their standard pre-petition practices;

   e. The Debtors shall provide Banco with such other financial information relating to their finances as Banco reasonably requests from time to time and as is permitted under its financing agreement with the Debtors;

   f. Banco's interests in the Real Property shall continue in full force and effect and in the same nature, extent and priority as its pre-petition perfected security interests;

   g. Banco shall be granted a valid, perfected enforceable security interest in and to the Real Property, to the extent and priority of its pre-petition lien(s);

   h. As adequate protection of Banco's interest in the pre-petition collateral including, without limitation, cash collateral, used or otherwise consumed or disposed of in this case, Banco, as security for the payment of the cash collateral obligations, is hereby granted valid, enforceable and effective replacement liens upon, and security interests in, the post-petition collateral (the "Replacement Liens") to the extent and priority of its pre-petition lien(s). If and to the extent the Replacement Liens prove insufficient to provide adequate protection of Banco's interests in the pre-petition collateral, or prove insufficient security for the payment of the cash collateral obligations, Banco shall have an allowed claim under section 507(b) of the Code in the amount of any such insufficiency, subject only to the claim of the United States Trustee for the payment of fees pursuant to 28 U.S.C. § 1930(a), which is an allowed claim under section 507(b) of the Code. The Replacement Liens granted herein shall be: (a) in addition to all security interests, liens and rights of setoff existing in favor of Banco on the filing date; (b) valid, perfected, enforceable and effective as of the filing date without any further action by the Debtors, or Banco and without the execution, filing or recordation of any financing statements, security agreements, mortgages, deeds of trust and

other documents; (c) except as expressly noted to the contrary herein, senior at all times to the rights of the Debtors, any successor debtors-in-possession, receiver or trustee;

      i.      As and for provisional adequate protection and assurance for the use of cash collateral, the Debtors shall pay Banco monthly installments in the amount of $18,840.35, beginning on December 1, 2012. Said monthly payment shall be applied to Banco's outstanding loan balance and shall consist of interest only at Banco's refinance rate as of the date of the filing of this motion, 3.67%, plus two percent, for a total of 5.67%. The Debtors shall execute all documents necessary on behalf of Banco in order to enable it to secure the monthly adequate protection payment electronically; and

      j.      The surcharge provisions of section 506(c) of the Code and the enhancement of collateral provisions of section 552(b) of the Code shall not be imposed upon Banco or its collateral for the benefit of either the Debtors or of any of their professionals on account of any fees or expenses incurred by the Debtors or their professionals during the time when this order is in effect unless, prior to rendering services or incurring expenses, the value of which they may thereafter seek to recover from Banco or its collateral pursuant to such sections of the Code, the Debtors or their professionals, as the case may be, first obtains Banco's written consent to the rendering of such services or the incurring of such expenses.

    17. Section 361 of the Code provides that the Debtors may provide adequate protection to Banco in the form of cash payments and replacement liens. 11 U.S.C. § 361. Pursuant to the proposed cash collateral order, the Debtors shall pay Banco $18,840.35 per month in interest only payments and grant Banco valid, enforceable and effective replacement liens upon, and security interests in, the post-petition collateral to the extent and priority of its pre-petition Lien(s).

18. The Debtors propose that the adequate protection payments they intend to make to Banco are appropriate as a result of the parties' dispute regarding the value of the Real Property. As set forth on Schedules B and D, the Debtors estimate the collective value of the Real Property at $4,600,000.00. On the other hand, Banco, as set forth within one of its claims filed in this case (Claim No. 11 on the Debtors' claim register), estimates the value of the Real Property to be $3,375,00.00.

19. Finally, Local Bankruptcy Rule 4001-2(A)(2) commands that the movant recite whether the proposal cash collateral – adequate protection order contains certain provisions, and if so, where those provisions are located within the proposed order, and provide justification for the inclusion of such provisions. In this case, no provision of Local Rule 4001-2 is implicated within the proposed order granting the Debtors' motion.

20. Accordingly, the Debtors request that pursuant to sections 361 and 363(e) of the Code, this Court enter the proposed final cash collateral order conditioning the Debtors' use of the Banco cash collateral and granting adequate protection to Banco.

WHEREFORE, Surinder and Shashi Jain respectfully request that this Court:

a. approve their motion for entry of a final order authorizing the use of cash collateral and to grant adequate protection to their pre-petition secured creditor Banco Popular North America pursuant to 11 U.S.C. §§ 361 and 363;

b. enter the proposed cash collateral order;

c. and for such further and other relief as is just and equitable.

**SURINDER AND SHASHI JAIN,**


By: **/s/ Bruce C. Scalambrino**
   **One of their attorneys**


**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**

**SURINDER AND SHASHI JAIN,**


By: **/s/ Bruce C. Scalambrino**
   **One of their attorneys**


**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**