IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>**SURINDER AND SHASHI JAIN,**<br><br><br>Debtors. | Chapter 11<br>Case No 12-25489<br>Hon. Carol A. Doyle<br>Hearing Date:<br>August 21, 2013  9:30 a.m. |

## NOTICE OF MOTION

**TO:**

| | |
|---|---|
| Surinder and Shashi Jain<br>2756 Manu Court<br>Glenview, IL 60025<br>(Via First Class U.S. Mail) | Patrick S. Layng<br>Office of the U.S. Trustee<br>Region 11<br>219 South Dearborn Street<br>Room 873<br>Chicago, IL 60606<br>USTPRegion11.ES.ECF@usdoj.gov<br>(Via Electronic Notice) |
| Banco Popular North America<br>c/o Francisco E. Connell<br>c/o Terence G. Tiu<br>c/o Miriam R. Stein<br>Chuhak & Tecson, P.C.<br>30 South Wacker Drive<br>26th Floor<br>Chicago, IL 60606-7413<br>fconnell@chuhak.com<br>ttiu@chuhak.com<br>mstein@chuhak.com<br>(Via Electronic Notice) | United Central Bank<br>c/o Shelly A. DeRousse<br>Stahl Cowen Crowley Addis LLC<br>55 West Monroe Street<br>Suite 1200<br>Chicago, IL 60603<br>sderousse@stahlcowen.com<br>(Via Electronic Notice) |
| All other parties and counsel registered with the court's electronic notice system<br>(Via Electronic Notice) | See attached Service List for additional recipients<br>(Via First Class U.S. Mail, proper postage prepaid) |

**PLEASE TAKE NOTICE** that on **Wednesday, August 21, 2013** at **9:30 a.m.**, or as soon thereafter as counsel may be heard, Surinder and Shashi Jain, through their counsel, Bruce C. Scalambrino, Christopher L. Muniz and the law firm Scalambrino & Arnoff, LLP, shall appear before Judge Carol A. Doyle, or any judge sitting in her stead, in Room 742 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached **DEBTORS' AP-**

**PLICATION FOR FINAL DECREE PURSUANT TO 11 U.S.C. § 350(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 AND LOCAL BANKRUPTCY RULE 3022-1**, a copy of which is attached hereto and hereby served upon you.

                                             **SURINDER AND SHASHI JAIN,**

                                           **By:** <u>**/s/ Bruce C. Scalambrino**</u>
                                                **One of their attorneys**

**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**

## CERTIFICATE OF SERVICE

      Bruce C. Scalambrino, an attorney, states that he served a copy of the foregoing **Notice of Motion** and **Debtors' Application for Final Decree Pursuant to 11 U.S.C. § 350(a), Federal Rule of Bankruptcy Procedure 3022 and Local Bankruptcy Rule 3022-1**, upon all parties set forth on the attached service list, via Electronic Notice or via First Class U.S. Mail, proper postage pre-paid, as indicated for each recipient, on this 13th day of August, 2013.

                                             <u>**/s/ Bruce C. Scalambrino**</u>
                                             **Bruce C. Scalambrino**

**SERVICE LIST**
**IN RE SURINDER AND SHASHI JAIN**
**CASE NO. 12-25489**

Allied Waste Services
P.O. Box 9001154
Louisville, KY 40290-1154

American Express
P.O. Box 0001
Los Angeles, CA 90096-8000

AT&T
P.O. Box 5080
Carol Stream, IL 60197-5080

Blake Hogan
American InfoSource
4515 N. Santa Fe Avenue
Oklahoma City, OK 73118

Capital One Bank (USA), N.A.
by American InfoSource LP as agent
P.O. Box 71083
Charlotte, NC 28272-1083

Carson Pirie Scott
Retail Services
P.O. Box 15521
Wilmington, DE 19850-5521

Chase
P.O. Box 9001871
Louisville, KY 40290-1871

Chase
P.O. Box 9001020
Louisville, KY 40290-1020

Chase
Cardmember Service
P.O. Box 15153
Wilmington, DE 19886-5153

Citimortgage, Inc.
P.O. Box 183040
Columbus, OH 43218-3040

Classic Landscape
3N 471 Powis Road
West Chicago, IL 60185

Com Ed
P.O. Box 6111
Carol Stream, IL 60197-6111

Comet Neon Sign
153 East Street
Carol Stream, IL 60188

Delta Sky Miles
P.O. Box 981535
El Paso, TX 79998-1535

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jonathan Love
Sr. Collections Specialist
Direct Energy Business
1001 Liberty Avenue, Floor 13
Pittsburgh, PA 15222

Gary H. Smith
205 West Wacker Drive
Suite 510
Chicago, IL 60606

Gregory Ellis
18 Executive Court
Barrington, IL 60010

HSBC Card Services
P.O. Box 60146
City of Industry, CA 91716-0146

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Indiana Insurance
P.O. Box 145476
Cincinnati, OH 45250-5476

Kohl's
Kohl's Payment Center
P.O. Box 2983
Milwaukee, WI 53201-2983

McGovern, Steve and Hayley
1519 Sugar Valley Lane
Joliet, IL 60433

Mobile Maintenance Service
331 West Northwest Highway
Suite 208
Palatine, IL 60067

Veronica Frank
Bankruptcy Clerk
Nicor Gas
P.O. Box 549
Aurora, IL 60507

Schain, Burney, Banks & Kenny, Ltd.
70 West Madison Street
Suite 4500
Chicago, IL 60602

United Central Bank
955 W. 75th Street
Homewood, IL 60430

Village of Hanover Park
2121 Lake Street
Hanover Park, IL 60133-4398

Thomas A. Lee
Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| **SURINDER AND SHASHI JAIN,** | Case No 12-25489 |
| | Hon. Carol A. Doyle |
| | Hearing Date: |
| Debtors. | August 21, 2013  9:30 a.m. |

**DEBTORS' APPLICATION FOR FINAL DECREE AND TO CLOSE CASE PURSUANT TO 11 U.S.C. § 350(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 AND LOCAL BANKRUPTCY RULE 3022-1**

Surinder and Shashi Jain, debtors and debtors-in-possession (the "Debtors"), through their counsel, Bruce C. Scalambrino and Christopher L. Muniz of the law firm of Scalambrino & Arnoff, LLP ("S&A"), for their application for the entry of a final decree pursuant to 11 U.S.C. § 350(a), Federal Rule of Bankruptcy Procedure 3022 ("Rule 3022") and Local Bankruptcy Rule 3022-1, states as follows:

1. On June 26, 2012 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code (the "Code"). Since that time, the Debtors have maintained possession of their assets and operated their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Debtors' Modified Second Amended Plan of Reorganization (the "Plan"), dated June 5, 2013 and confirmed by this Court on June 12, 2013, has been substantially consummated in accordance with the terms and provisions thereof.

4. Specifically, the Debtors took the following actions on or before the Effective Date[1] of the Plan:

    a. made the Initial BP Secured Claim Distribution and the initial monthly payment on account of it secured claim to BP pursuant to Article III, Section 3.00 of the Plan;

    b. surrendered possession and control of the Woodridge Real Property to the McGoverns, and executed all documentation, including a quit claim deed, necessary to effectuate said transfer pursuant to Article III, Section 3.01 of the Plan;

    c. made the Initial BP Unsecured Claim Distribution to BP pursuant to Article III, Section 3.02 of the Plan;

    d. caused SMJ to pay off in full the UCB Promissory Note and established a depository relationship with UCB pursuant to Article III, Section 3.04 of the Plan; and

    e. continued to make monthly payments to its Class III and Class IV claimants pursuant to Article IV, Sections 4.01 and 4.02 of the Plan.

5. Although the Plan calls for the Debtors to make additional payments to their Class I through IV and Class VI and VII claimants for the Plan Duration, the Debtors have complied with all of their obligations under the Plan to date.

6. On July 26, 2013, S&A, counsel for the Debtors, filed its second and final application for the allowance of compensation and reimbursement of costs and expenses. Pursuant to its application, which shall be presented to the Court on August 21, 2013, S&A seeks final compensation of $63,585.00 and reimbursement of expenses in the amount of $1,496.89, for a total sum of $65,081.89.

---

[1] All capitalized terms not otherwise defined within this motion shall have the same meaning as set forth within the Plan.

7. S&A also, on July 26, 2013, filed the first and final application for the allowance of compensation of MaRous & Company ("MaRous"), the Debtors' real estate appraisers. That application, which seeks compensation for MaRous in the sum of $5,000.00, shall also be presented to the Court on August 21, 2013.

8. The Debtors shall, upon the entry of orders approving the compensation and reimbursement applications of S&A and MaRous, make arrangements with S&A and MaRous for the payment of their respective compensation and reimbursement.

9. The Debtors filed debtor-in-possession reports with the Clerk of this Court for each month from the Petition Date through confirmation of the Plan, and have made each quarterly payment of debtor-in-possession and other fees to the Office of the United States Trustee.

10. Section 350(a) of the Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 implements that Code section in a chapter 11 case, as "after an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

11. Although the estate is not yet fully administered, as there are additional payments to be made to creditors for the Plan Duration, that fact alone is not enough to delay the entry of a final decree. *See Advisory Committee Note – 1991 Amendment to Bankruptcy Rule 3022* ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.")

12. Indeed, the Rule 3022 advisory committee set forth the following six factors to be considered in whether an estate has been fully administered for the purposes of a chapter 11 final decree:

3

(1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved."

*Advisory Committee Note – 1991 Amendment to Bankruptcy Rule 3022.*

13. In this case, the Debtors have satisfied each of the four applicable advisory committee factors. First, more than thirty days have passed since the entry of the confirmation order on June 12, 2013, leaving no doubt that it has become a final order. Second, the Debtors effectuated the transfer of the Woodridge Real Property to the McGoverns on the July 24, 2013 Effective Date. Third, the Debtors commenced Plan payments to their creditors on the July 24, 2013 Effective Date. Fourth, all motions and contested matters in the Debtors' bankruptcy case have been resolved.

14. As the Debtors have in all respects complied with the June 12, 2013 order of this Court confirming their Plan, this case is in a position to be closed with the entry of a final decree.

WHEREFORE, Surinder and Shashi Jain respectfully request that this Court enter an order authorizing the entry of a final decree and closing this bankruptcy case pursuant to section 350(a) of the Code and Rule 3022 and for such further and other relief as is just and equitable.

**SURINDER AND SHASHI JAIN,**

**By: /s/ Bruce C. Scalambrino**
**One of their attorneys**

4

**Bruce C. Scalambrino (ARDC 06193809)**
**Christopher L. Muniz (ARDC 06271356)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**